IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MD MUNSHI**<br>401 W. 6th Street<br>Lansdale, PA 19446<br><br>*Plaintiff,*<br><br>vs.<br><br>**ELM TERRACE GARDENS**<br>660 N. Broad Street<br>Lansdale, PA 19446<br><br>*Defendant.* | CIVIL ACTION<br><br>NO. _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, MD Munshi (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff against Elm Terrace Gardens (*hereinafter* referred to as "Defendant") for violations of the Family and Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et seq.*), and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 et. seq).[1]

2. Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his unlawful termination from Defendant. As a direct consequence

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the appropriate administrative agency. Plaintiff dual-filed his Charge of Discrimination on October 2, 2025. Any claims under the PHRA would mirror the instant ADA and ADEA claims identically.

of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state and local law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

5. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. On or about October 2, 2025, Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative remedies before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult male with an address as set forth above.

9. Defendant is a continuing retirement community providing senior living care.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

**FACTUAL BACKGROUND**

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a 78-year-old South Asian man whose primary language and ethnolinguistic group is Bengali.

13. Plaintiff worked for Defendant for approximately 5 years providing and labor duties until his unlawful termination on May 12, 2025 (discussed in detail *infra*).

14. Throughout his employment, Plaintiff was a hard-working employee who performed his job well and was primarily supervised by Defendant's Director of Environmental Services & Engineering Sahadat Hossain ("Sahadat"), who also speaks Bengali.

15. Defendant's Director of Human Resources was Debbie Longacre ("Longacre")

16. Plaintiff has, and continues to suffer from, ADA qualifying disabilities, including but not limited to hypertension and diabetes (with accompanying conditions/complications).

17. As a result of his aforesaid disabilities, Plaintiff is, at times, substantially limited his ability to perform some daily life activities such as, for example only, regulating his insulin

3

levels, walking, and fighting infections.

18. Plaintiff openly disclosed his aforementioned disabilities with Defendant's management, including Sahadat on multiple occasions.

19. In addition, on or about May 2, 2025, Plaintiff was performing his job duties and carrying heavy trash then maneuvering this trash, Plaintiff hurt his chest (and area under arm) which caused significant pain and injury.

20. Plaintiff promptly reported this workplace injury to management.

21. By the evening after going home, Plaintiff needed medical attention and coordinated obtaining medical treatment through Defendant's worker's compensation doctors.

22. Plaintiff continued to seek medical treatment during the first few weeks of May 2025 and required a brief period of time out of work to care for his injuries.

23. In total, Plaintiff needed approximately a few weeks of medical leave to recover sufficiently enough to return to work from his injury.

24. Plaintiff kept Defendant's management updated about his health, injury, and needed for a short medical leave.

25. Defendant was certainly aware of Plaintiff's injury and short leave needs, as they were also coordinating sending him to their worker's compensation doctor.

26. Despite Defendant's knowledge of Plaintiff's disabilities, injuries, and need for time out, Defendant failed to provide any notice of his rights under the FMLA for this brief period of medical leave, and upon information and belief Defendant did not mark his leave as FMLA qualifying, despite Plaintiff being eligible for FMLA leave.

27. Instead of accommodating Plaintiff's brief medical leave, or otherwise interacting with him in any way, Sahadat terminated Plaintiff **while he was on medical leave**, stating to

Plaintiff: "**you are old now**," "you are not coming back," and informed Plaintiff he was terminated from Defendant.

28. Plaintiff complained that he can still work and asked Hossain if his termination was also because he was in need of a short medical leave.

29. Hossain did not respond beyond confirming Plaintiff was terminated.

30. If not terminated, Plaintiff was going to return to work by May 20, 2025 (in total needing less than 3 weeks of medical leave, both ADA and FMLA qualifying leave).

31. Plaintiff believes and therefore avers that Defendant refused to accommodate Plaintiff, Plaintiff was retaliated against, and ultimately terminated because of Plaintiff's age, Plaintiff's known and/or perceived disabilities, his record of impairment, and/or in retaliation for requesting accommodations and/or FMLA leave.

## COUNT I
## Violations of the Family and Medical Leave Act ("FMLA")
### ([1[Interference and [2] Retaliation)

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C.A. § 2611(a)(i)(ii).

34. Plaintiff requested leave from Defendant, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

35. Plaintiff had at least 1,250 hours of service with Defendant during his last full year of employment prior to his request for medical leave.

36. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work

weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

37. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

38. Defendant failed to provide notice of Plaintiff's rights under the FMLA

39. Defendant committed interference and retaliations violations of the FMLA by: (1) taking actions towards Plaintiff that would dissuade a reasonable person from exercising their rights under the FMLA; (2) considering Plaintiff's FMLA needs and/or time off in making the decision to terminate his employment; (3) terminating Plaintiff's employment in retaliation for requesting and/or utilizing FMLA leave; and (4) terminating Plaintiff's employment in order to prevent him from using FMLA qualifying leave in the future.

**COUNT II**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADA")</u>**
**([1] Disability Discrimination (actual and/or perceived); [2] Failure to Accommodate; and [3] Retaliation)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff believes and therefore avers that his known and/or perceived health problems; and/or his record of impairment; was a motivating or determinative factor in his termination.

42. Plaintiff requested reasonable accommodations from Defendant, including but not limited to time off from work to care for and treat for his aforesaid health conditions (as discussed in detail *supra*).

43. Plaintiff was terminated shortly after requesting and while utilizing reasonable accommodations (*i.e.* time off for medical reasons).

44. Plaintiff also believes and therefore avers that his request for and/or use of

accommodations (which constituted protected activities under the ADA) was the cause of his termination.

45. Defendant's unlawful discrimination and retaliation constitutes violations of the ADA.

## COUNT III
### Violations of the Age Discrimination in Employment Act ("ADEA")
(Age Discrimination)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff was abruptly and unfairly terminated on or about May 12, 2025 when Defendant's management stated "**you are old now**," "you are not coming back," which is direct evidence of age discrimination.

48. Therefore, Plaintiff believes and avers that he was terminated because of his advanced age.

49. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

## COUNT IV
### Common-Law Wrongful Discharge
(Public Policy Violation)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Upon information and belief, Plaintiff was terminated in substantial part for suffering work related injuries and seeking worker's compensation benefits (as discussed *supra*).

52. It is against Pennsylvania's public policy for an employee to be terminated for making worker's compensation claims and/or seeking worker's compensation benefits and indicating his intent to file for worker's compensation benefits. These actions as aforesaid

constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005); *see also Smith v. R.R. Donnelley & Sons Co.,* 2011 U.S. Dist. LEXIS 105347, at *17 n.4 (E.D. Pa. 2011)("[R]eporting of the work-related injury in conjunction with the employee's expression of intent to file a workers compensation claim [] is enough to trigger the protection afforded by the Act…").

53. The temporal proximity between Plaintiff's claims for worker's compensation and his termination creates an inference that his termination was in retaliation for making such claims.

54. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policies, practices, or custom(s) of discriminating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation/interference and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter

Defendant or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

           Respectfully submitted,

           **KARPF, KARPF, & CERUTTI, P.C.**

    By: _____
      Ari R. Karpf, Esq. (91538)
      Allison A. Barker, Esq. (326837)
      8 Interplex Drive, Suite 210
      Feasterville-Trevose, PA 19053
      (215) 639-0801 phone
      (215) 639-4970 fax
      akarpf@karpf-law.com
      abarker@karpf-law.com

Dated: March 6, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MD Munshi | : | CIVIL ACTION |
| v. | : | |
| Elm Terrace Gardens | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 3/6/2026 | *[signature]* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _Defendants place of business_

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MUNSHI, MD

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
ELM TERRACE GARDENS

County of Residence of First Listed Defendant: **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC201); ADEA (29USC621)
Brief description of cause:
Violations of the ADA, FMLA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 3/6/2026
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE